IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HILL,

          Petitioner,               No. CIV S-09-2761 KJN (TEMP) P

   vs.

J. WALKER,                        <u>ORDER</u>

          Respondent.

_____/

       Petitioner is a state prisoner proceeding without counsel and in forma pauperis, with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that the petition is untimely under 28 U.S.C. § 2244(d). Petitioner has filed an opposition. Both parties have consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c). For the reasons set forth herein, the court grants respondent's motion to dismiss.

       I.     <u>Procedural Background</u>

       On April 13, 2005, petitioner was convicted in Sacramento County Superior Court of making terrorist threats. The trial court applied two sentencing enhancements, and on June 24, 2005, petitioner was sentenced to a determinate term of sixteen years in prison. <u>See</u> Abstract of

////

1   Judgment, Petition p. 65.[1]

2          Petitioner appealed his conviction and sentence, culminating in the California

3   Supreme Court's denial of review on November 29, 2006. Id. at 7. Petitioner also filed a

4   petition for writ of certiorari in the United States Supreme Court. It was denied on October 1,

5   2007. Id. at 9.

6          While his petition for certiorari was still pending, petitioner initiated the state

7   habeas process by filing a petition for post-conviction relief in Sacramento County Superior

8   Court on July 18, 2007. See Lodged Document 11. The Superior Court denied the petition with

9   a detailed opinion and order on the merits on September 4, 2007. See Lodged Doc. 12.

10  Petitioner filed a motion for reconsideration in Superior Court; the court issued another detailed

11  denial of the motion on October 29, 2007. See Lodged Docs. 13 and 14. Petitioner then

12  proceeded through the next two levels of the state habeas process, ending in the California

13  Supreme Court's denial of his petition on August 20, 2008. See Lodged Docs. 15-18.

14         On October 3, 2008, petitioner initiated a second round of the state habeas process

15  by filing another petition for post-conviction relief. That petition asserted three claims: (1) new

16  evidence showed a witness' trial testimony about petitioner's gang membership was false; (2) the

17  prosecution failed to disclose material evidence favorable to the defense; and (3) ineffective

18  assistance of defense counsel. See Lodged Doc. 19. Only the claim of new evidence presented

19  an issue that had not been presented in the first round of the habeas process. The new evidence

20  was a recantation by a witness who had testified at trial that petitioner "'claimed to be from the

21  Nogales Gangster Crips' during the commission of the offense." Order of Sacramento County

22  Superior Court, Lodged Document 20 at 3. The witness later signed an affidavit in which she

23  swore that she "'gave these statements and testimony under duress from the prosecution and

24  ───────────

25         [1] The petition and its numerous attachments have been numbered consecutively, pages 1 through 363, by the court's CM/ECF system. The court uses that pagination when referring to petitioner's documents. The court uses the pagination that already appears on respondent's

26  lodged documents.

1   Child Protective Services and in exchange for payments.'" Id. at 2.

2           On February 6, 2009, the Superior Court ruled that "[i]t is clear that the petition is

3   successive and untimely." Lodged Doc. 20, p. 1. Petitioner continued his second round of

4   habeas petitions through the remaining two stages, ending in the California Supreme Court's

5   summary denial on August 26, 2009. See Lodged Docs. 21-24. He filed this federal habeas

6   action on October 1, 2009.

7           II.    Timeliness Under 28 U.S.C. § 2244(d)

8           Respondent argues that the petition is untimely. Under the Antiterrorism and

9   Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a

10  petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the

11  judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all

12  federal habeas petitions filed after the statute was enacted on April 24, 1996. Lindh v. Murphy,

13  521 U.S. 320, 322-23 (1997). That statute provides, in relevant part:

14       (d) (1)  A 1-year period of limitation shall apply to an application
         for a writ of habeas corpus by a person in custody pursuant to the
15       judgment of a State court. The limitation period shall run from the
         latest of –
16
             (A) the date on which the judgment became final by the
17       conclusion of direct review or the expiration of the time for
         seeking such review;
18
             (B) the date on which the impediment to filing an
19       application created by State action in violation of the Constitution
         or laws of the United States is removed, if the applicant was
20       prevented from filing by such State action;

21           (C) the date on which the constitutional right asserted was
         initially recognized by the Supreme Court, if the right has been
22       newly recognized by the Supreme Court and made retroactively
         applicable to cases on collateral review; or
23
             (D) the date on which the factual predicate of the claim or
24       claims presented could have been discovered through the exercise
         of due diligence.
25
          (2) The time during which a properly filed application for State
26       post-conviction or other collateral review with respect to the

1          pertinent judgment or claim is pending shall not be counted toward
2          any period of limitation under this subsection.

3    28 U.S.C. § 2244(d).

4          Under § 2244(d)(1)(A), the time for petitioner to file a federal habeas petition

5    began when his judgment of conviction became final.  Here, petitioner's judgment of conviction

6    became final when the U.S. Supreme Court denied petitioner's application for writ of certiorari

7    on October 1, 2007.  See Clay v. U.S., 537 U.S. 522, 529 n.4 (2003).  However, the statute of

8    limitations is tolled during the pendency of any "properly filed" state collateral attack on the

9    judgment.  28 U.S.C. § 2244(d)(1); Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).  In

10   this case, petitioner had already started the habeas process in Sacramento County Superior Court

11   when his judgment of conviction became final.  In fact, petitioner had already been denied at the

12   first level on September 4, 2007, nearly a month before his petition for writ of certiorari was

13   denied on October 1.  Two days later, he filed his motion for reconsideration in Superior Court.

14         Respondent is correct that petitioner's filing the state habeas petition in Superior

15   Court before his conviction became final has no effect on the timeliness of the federal petition.

16   See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).  Respondent does not argue that the one

17   day between the denial of certiorari on October 1, 2007, and the filing of the motion to reconsider

18   in Superior Court on October 3 counts against petitioner as the day on which the statute of

19   limitations began to run.  Motion to Dismiss, p. 5.  Thus, there is no argument that the statute

20   was tolled while the first petition was pending in Superior Court.  Furthermore, respondent

21   rightly concedes that "[b]ecause Petitioner was proceeding in both an orderly and timely fashion

22   with the filing of his second and third state petitions, he is also entitled to interval tolling."  Id.;

23   Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (reiterating the rule that the intervals between

24   stages of California's "unusual system of collateral review" will toll the federal limitations period

25   so long as the intervals are each of reasonable duration).  The parties therefore do not dispute that

26   the limitations period was tolled without interruption for 324 days, from October 2, 2007, the day

4

1   after the U.S. Supreme Court denied certiorari, through August 20, 2008, the date the California

2   Supreme Court denied the third state petition.  Id. at 6.  Absent further tolling, the one-year

3   limitations period began the next day, August 21, 2008, and ended August 20, 2009.

4          Petitioner did not initiate this federal action until October 3, 2009 – forty-three

5   days too late.  The federal petition enumerates eleven separate claims, including the three that

6   petitioner asserted in his second round of habeas petitions in federal court.  Petitioner does not

7   contend that any of the claims that appeared only in the first round of state habeas petitions are

8   still timely.  Therefore, the only question remaining is whether his second round of state habeas

9   petitions, which lasted from October 3, 2008, until August 26, 2009, can toll the limitations

10  period for the three claims he pursued therein.

11         III.    Analysis

12         First, "periods between different rounds of collateral attack are not tolled."  Banjo,

13  614 F.3d at 969.  Therefore, petitioner cannot avail himself, for purposes of tolling, of the time

14  that elapsed between his two rounds of state habeas applications.

15         Second, if a state court petition fails because it is untimely under state rules, it is

16  not "properly filed" within the meaning of the federal statute of limitations and cannot count

17  toward any tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005).  As noted above, the

18  Superior Court expressly ruled that the petition filed October 3, 2008 (petitioner's fourth attempt

19  at post-conviction relief), was "successive and untimely."  Lodged Doc. 20 at 2.  "When a

20  postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of

21  § 2244(d)(2)."  Id. at 414 (citation omitted); Banjo, 614 F.3d at 968 ("[a] California court's

22  determination that a filing was untimely... is dispositive").  The Superior Court's clear finding of

23  untimeliness bars petitioner from any further tolling while his second round of collateral attacks

24  ////

25  ////

26  ////

1    was ongoing.[2]

2            Faced with the Supreme Court's clear direction in <u>Pace</u>, petitioner counters that

3    California's rule on the timeliness of habeas petitions is not applied regularly or consistently

4    enough to qualify as an independent and adequate bar to his federal petition.  <u>See</u> Opposition at 2

5    (citing <u>Morales v. Calderon</u>, 85 F.3d 1387 (9th Cir. 1996)).  This argument was very recently

6    foreclosed by the U.S. Supreme Court.  In <u>Walker v. Martin</u>, 562 U.S. ___ (Feb. 23, 2011), the

7    Court reiterated that a procedural bar under state law prohibits subsequent federal review if "the

8    state judgment rests on independent and adequate state procedural grounds."  <u>Walker</u>, 562 U.S.,

9    at ___ (slip op., at 7) (internal quotation marks and citation omitted).  "To qualify as an

10   'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'"

11   <u>Id.</u> (citation omitted).  The Court then held that "California's time rule [in state habeas cases],

12   although discretionary, meets the 'firmly established' criterion..."  <u>Id.</u> at 8.  The Court further

13   found that California's discretionary rule meets the second requirement of an adequate state

14   ground: "Nor is California's time rule vulnerable on the ground that it is not regularly followed."

15   <u>Id.</u> at 10.

16           It appears that the court in <u>Walker</u> did not take up the issue of whether

17   California's time rule for habeas cases is an "independent" state ground that bars federal habeas

18   relief.  Petitioner suggests that the Superior Court's finding of untimeliness was not an

19   independent ground because it depended on certain factual determinations about the prejudice, if

20   any, petitioner suffered from the allegedly false testimony at trial.  This suggestion is mistaken:

21   those factual determinations in no way implicate any federal ground of relief such that the

22   Superior Court's application of the time rule could not be "independent."  As petitioner correctly

23

24           [2] The fifth and sixth state court petitions were summarily denied by the Court of Appeals
     and California Supreme Court.  "[W]here... the last reasoned opinion on the claim explicitly
     imposes a procedural default, we will presume that a later decision rejecting the claim did not
25   silently disregard that bar and consider the merits."  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803
     (1991).  Therefore the appellate courts' subsequent, summary denials do not alter the Superior
26   Court's finding of untimeliness.

1    puts it, "[t]o be 'independent,' the state law basis for the decision cannot be interwoven with

2    federal law."  Opposition at 2 (citing <u>Harris v. Reed</u>, 489 U.S. 255 (1989)).  Here, there is no

3    ambiguity about the "independent" basis of the Superior Court's decision: the court's opinion is

4    completely devoid of any mention or suggestion of a federal ground for denying petitioner relief.

5            The Court's opinion in <u>Walker</u> left open the possibility that "[a] state ground . . .

6    may be found inadequate when 'discretion has been exercised to impose novel and unforseeable

7    requirements without fair or substantial support in prior state law[.]"  <u>Id.</u> at 12.  Petitioner does

8    not make such an objection.  Instead, petitioner objects that the state court "conduct[ed] an

9    unreasonable consideration of the claims for an exception to these procedural bars."  Opposition,

10   p. 2.  An argument that the state court was unreasonable in not finding an exception to the

11   timeliness requirement does not present the court's decision as a "novel and unforseeable"

12   exercise of discretion.  Such an argument simply asks the federal court to review the state court's

13   application of California's procedural default rules to the facts in this particular habeas case.

14   "Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural

15   rules."  <u>Poland v. Stewart</u>, 169 F.3d 573, 584 (9th Cir. 1999).  The state court assessed

16   petitioner's claim of new evidence according to the state's well established criteria of good cause

17   for delay and prejudice to the petitioner at trial.  This court is bound to accept the state court's

18   conclusion that petitioner's new evidence was not credible, that no prejudice accrued to

19   petitioner during trial, and therefore no exception to the state's time requirement applied.

20           Finally, the Superior Court summarily found that petitioner's second and third

21   claims in his second round of habeas petitions were successive and untimely.  <u>See</u> Lodged Doc.

22   20 at 5-6.  Those findings bar federal habeas review of both claims with equal force: like the first

23   claim of new evidence, they are due no tolling.  Without any tolling for the three claims

24   presented in the second round of state habeas challenges, the entire petition filed here is

25   untimely.  Therefore, it will be dismissed.

26   ////

1            Accordingly, IT IS HEREBY ORDERED that the motion to dismiss (Dkt. # 10) is

2   granted.  The petition for a writ of habeas corpus is denied as untimely under 28 U.S.C. §

3   2244(d).  No certificate of appealability is issued.  The Clerk of Court shall designate this case

4   "closed."

5   DATED:  February 28, 2011

6

7

8   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

9   hill2761.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26